

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/26/2012

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 08-32282 |
| CAPCO ENERGY, INC.; fka AMCO § | CHAPTER 11 |
| PETROLEUM, INC. § | |
| § | |
| Debtor(s). § | JUDGE ISGUR |
| § | |
| § | |
| VICTOR E HARRIS § | |
| § | |
| Plaintiff(s), § | |
| § | |
| vs. § | ADVERSARY NO. 10-3349 |
| § | |
| PYRAMID GOM, INC., *et al* § | |
| § | |
| Defendant(s). § | |

## MEMORANDUM OPINION

Victor Harris, Liquidating and Plan Trustee under Capco Energy, Inc's chapter 11 Plan, has sued Pyramid GOM, Inc. and Ilyas Chaudhary under two guaranty agreements. Pyramid and Chaudhary guaranteed the obligations of Green Star Resources, Inc., which is no longer a party to this adversary proceeding,[1] under a purchase and sale agreement that was executed as part of Capco's chapter 11 Plan. The guarantied obligations include (i) the Purchase Price for various Capco assets and (ii) a Guaranteed Return to Capco's unsecured creditors.[2] Chaudhary and Pyramid have counterclaimed for cancellation of the guaranties and the purchase and sale agreement.

---

[1] This adversary proceeding was severed on September 26, 2011. The Trustee's suit against Green Star is Adv. No. 11-3489.

[2] Technically, the purchase price includes both the fixed amount of $2,300,000.00 and the Guaranteed Return. ECF No. 45-1, at 4-5. The Court refers to the fixed amount as the Purchase Price.

The Trustee moves for dismissal of some of the counterclaims for lack of subject matter jurisdiction due to lack of standing. The Court addresses the Trustee's motion to dismiss in a separate memorandum opinion.

The Trustee also moves for summary judgment, asserting that there is no genuine dispute of material fact as to the validity of the guaranty agreements, Capco's performance of its obligations pursuant to the underlying purchase and sale agreement, the occurrence of the conditions set forth in the guaranty agreements, and Pyramid and Chaudhary's failure to perform their obligations.

The Trustee has established Pyramid and Chaudhary's liability under the guaranties for the Purchase Price. However, he has not established that the Guaranteed Return is due and owing. The Court therefore will recommend summary judgment as to Pyramid and Chaudhary's liability for the Purchase Price but will not recommend summary judgment as to Pyramid and Chaudhary's liability for the Guaranteed Return.

## Jurisdiction

The District Court has subject matter jurisdiction under 28 U.S.C. § 1334(b). This proceeding has been referred to the Bankruptcy Court by General Order 2005-6, pursuant to 28 U.S.C. § 157(a).

## Bankruptcy Court's Authority

Because bankruptcy judges are not Article III judges, they may not exercise the judicial power of the United States. *Stern v. Marshall*, 131 S.Ct. 2594, 2609 (2011) ("[T]he judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in [Article III]."). Bankruptcy judges therefore may not enter final judgments or orders in matters that fall within the exclusive authority of the Article III judiciary.

The Court may, however, exercise authority over essential bankruptcy matters under the public rights doctrine.  Under *Thomas v. Union Carbide Agricultural Products Co.*, a right closely integrated into a public regulatory scheme may be resolved by a non-Article III tribunal. 473 U.S. 568, 593 (1985).  The Bankruptcy Code is a public scheme for restructuring debtor-creditor relations, necessarily including "the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts."  *Central Va. Cmty. College v. Katz*, 546 U.S. 356, 363-64 (2005); *see Northern Pipeline Constr. Co. v. Marathon Pipe Line co.*, 458 U.S. 50, 71 (1982) (plurality opinion) (noting in dicta that the restructuring of debtor-creditor relations "may well be a 'public right'").  *But see Stern*, 131 S.Ct. at 2614 n.7 ("We noted [in *Granfinanciera, N.A. v. Nordberg*, 492 U.S. 33, 56 n.11 (1989) that we did not mean to 'suggest that the restructuring of debtor-creditor relations is in fact a public right.'").

The Defendants argue that the Court does not have the constitutional authority to enter final judgment in this adversary proceeding.  The Court agrees.  This proceeding does not involve bankruptcy law and is instead concerned with the enforcement of state-law contract rights.  Although the Trustee's rights under the purchase and sale agreement and the guaranties were established in connection with a chapter 11 plan, the rights are not established by bankruptcy law and cannot be enforced through the Court's *in rem* jurisdiction over the bankruptcy estate.  *See West v. Freedom Medical, Inc. (In re Apex Long Term Acute Care-Katy, L.P.*, 2011 WL 6826838, at *7-*8 (Bankr. S.D. Tex. Dec. 28, 2011) (concluding that *Stern* requires an examination of whether a disputed right is established by the Bankruptcy Code, whether the substantive outcome is affected by bankruptcy law, or whether the proceeding can

be resolved through the exercise of *in rem* jurisdiction over the bankruptcy estate). The Court holds that it does not have constitutional authority to enter a final judgment in this proceeding. The Court will, following the trial of the remaining claims in this proceeding, submit this memorandum opinion as part of its report and recommendation to the District Court with respect to entry of a final judgment.

## Background

Capco Energy, Inc., along with several of its affiliates, filed a voluntary chapter 11 petition on April 7, 2008. On April 27, 2009, Green Star and Capco signed a purchase and sale agreement for the sale of Capco's oil, gas, and other mineral interests and the stock of Capco Offshore of Texas, Inc. ("COTI") to Green Star. No. 08-32282, ECF No. 489-3. Ilyas Chaudhary, President of Green Star, signed the agreement on Green Star's behalf.

In the purchase and sale agreement, Green Star agreed to pay a Purchase Price of $2,300,000.00, with the first installment of $800,000.00 to be paid at closing and the second installment of $1,500,000.00 to be paid on or before the first anniversary of the closing. ECF No. 45-1, at 4-5. Green Star also agreed to pay a Guaranteed Return to Capco's unsecured creditors. The Guaranteed Return was to consist of either 40% of the amount of allowed unsecured claims, or no less than 35% if the amounts of priority tax claims, allowed secured claims, and post-confirmation administrative claims resulted in a reduction of the amounts available to unsecured claims. ECF No. 45-1, at 5.

The Court approved the purchase and sale agreement on July 1, 2009 in its order confirming Capco's Third Amended Plan. No. 08-32282, ECF No. 589. The confirmation order was entered on July 2, 2009.

On July 30, 2009, Green Star executed a promissory note ("Note"), pursuant to the terms of the purchase and sale agreement. ECF No. 45-4. In the Note, Green Star agreed to pay $1,500,000.00—the second installment of the Purchase Price—and the Guaranteed Return. The second installment was to be paid on or before June 24, 2010. ECF No. 45-4, at 1.

Pyramid signed a guaranty agreement on July 30, 2009, guarantying the payment and performance of all of Green Star's liabilities, obligations, and duties under the Note, "as if [Pyramid] were an original party to the Note." ECF No. 45-5, at 1. Chaudhary signed a continuing guaranty agreement on the same day, guarantying payment and performance of all of Green Star's liabilities, obligations, and duties under the Note and the purchase and sale agreement, "as if [Chaudhary] were an original party to the Note and the [purchase and sale agreement]." ECF No. 45-6, at 1.

In May 2009, Green Star took over the operations of the oil and gas assets sold under the purchase and sale agreement. ECF No. 45-7, at 2. All stock of COTI was transferred to Green Star, and Ilyas Chaudhary assumed the office of President of COTI. ECF No. 45-7, at 2.

On July 26, 2010, Victor Harris, the plaintiff in this adversary proceeding, was named Plan Trustee for the Capco Plan Trust. ECF No. 45-7, at 2. The Plan Trust is the holder of the Note and of the guaranties. ECF No. 45-7, at 2. On August 3, 2010, the Trustee filed this proceeding against Green Star, Pyramid, and Chaudhary, seeking to collect the principal balance under the Note. The Trustee also sued for breach of contract for Green Star and Chaudhary's alleged failure to pay an additional $157,400.00 due under the purchase and sale agreement.

Green Star filed an answer on August 20, 2010, and Pyramid and Chaudhary filed answers on August 23, 2010. ECF Nos. 8, 10, and 11. The Defendants assert counterclaims for breach of the purchase and sale agreement, rescission of the purchase and sale agreement, and

cancellation of the Note and guaranties. The Defendants allege that some of the leases that were conveyed under the purchase and sale agreement—the Brazos Block Leases—had been terminated. According to the Defendants, the Plan Trust is therefore unable to perform on its agreement to convey marketable title to the properties.

On January 25, 2011, the Trustee moved to dismiss certain counterclaims under Fed. R. Civ. P. 12(b)(1). ECF No. 20. At a hearing on March 8, 2011, the Court ordered the Defendants to respond to the Trustee's motion within two weeks. The Defendants did not file a response to the motion.

On May 12, 2011, the Trustee filed a suggestion of bankruptcy, stating that he had been informed that Green Star had filed bankruptcy in the Central District of California on April 22, 2011. This adversary proceeding was stayed until Green Star was severed on September 26, 2011. ECF No. 42. The Trustee's suit against Green Star is now Adversary No. 11-3489. The motion to dismiss as to Pyramid and Chaudhary is addressed separately in a memorandum opinion.

The Trustee filed a motion for summary judgment against Chaudhary and Pyramid on December 22, 2011. ECF No. 45. Chaudhary and Pyramid filed a response on January 17, 2012. ECF No. 46. The Trustee replied on January 23, 2012. ECF No. 47.

## Summary Judgment Evidence

The Trustee provides the following summary judgment evidence: (i) the Purchase and Sale Agreement, ECF No. 45-1; (ii) Capco's Third Amended Plan of Reorganization, ECF No. 45-2; (iii) the Confirmation Order, ECF No. 45-3; (iv) the Note, ECF No. 45-4; (v) Pyramid's Guaranty, ECF No. 45-5; (vi) Chaudhary's Continuing Guaranty, ECF No. 45-6; (vii) the Trustee's Declaration, ECF No. 45-7; and (viii) Lindsay Lambert's Declaration, ECF No. 45-8.

Pyramid and Chaudhary provided no evidence in support of their response to the Trustee's motion for summary judgment.

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[3] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the

---

[3] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-

movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

To prevail on a claim for breach of a guaranty agreement, a party must prove: (1) the existence and ownership of the guaranty contract; (2) the performance and terms of the underlying contract by plaintiff; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure or refusal to perform the promise. *Compass Bank v. Veytia*, 2011 WL 6130900, at *2 (W.D. Tex. Dec. 8, 2011); *Stone v. Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet. h.). If the Trustee has provided sufficient evidence as to each of these elements to support a judgment at trial, the burden shifts to the Defendants to establish a genuine dispute of material fact.

The first element—the existence and ownership of the guaranty contract—is met. Pyramid and Chaudhary admit that they guaranteed full performance of the Note and that the Plan Trust is the current holder of the Note and guaranties. ECF No. 10, at 10; ECF No. 11, at 10. The Trustee also provides summary judgment evidence that would independently establish this element—copies of the Note and guaranties. ECF Nos. 45-4, 45-5, and 45-6.

The second element—the performance of the underlying contract—is also met. The underlying contract with respect to the second installment of $1.5 million of the Purchase Price is the Note. The Trust was not required to perform under the Note. The underlying contract with respect to the $154,700.00 due from the first installment is the purchase and sale agreement.[4] The Trustee provides sufficient evidence that the Trust performed under the terms of the purchase and sale agreement:

---

[4] Only Chaudhary guarantied Green Star's obligations under the purchase and sale agreement. Pyramid guarantied the $1.5 million due under the Note, but not the initial installment due under the purchase and sale agreement.

> According to the records of the Plan Trust, Green Star Resources, Inc. ("Green Star") took over the operation of the oil and gas assets sold under the terms of the [purchase and sale agreement] by Debtors Capco Energy, Inc. ("Capco"), Capco Offshore Inc. ("Capco Offshore"), and Capco Offshore of Texas, Inc. ("COTI") in May 2009. All stock in COTI was subsequently transferred to Green Star, and Mike Myers resigned as President of COTI, and Ilyas Chaudhary assumed that office, effective July 31, 2009.

ECF No. 45-7, at 2. The Trustee's statement is sufficient to establish that the Trust performed the terms of the purchase and sale agreement.

Although the Defendants' counterclaims assert that the Trust did not perform the terms of the purchase and sale agreement, the response to the Trustee's motion for summary judgment provides no evidence to support this assertion. The Defendants may not simply assert that the Trust did not perform the terms of the underlying agreement; they must submit and then cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp.*, 477 U.S. at 324. The Defendants attached no evidence to their response. The Trustee's evidence therefore is not rebutted.

The third element—occurrence of the condition on which liability is based—is met as to the Purchase Price, but not as to the Guaranteed Return. The Trustee must establish that the amounts are currently due. The Trustee need not show that it has been unable to collect from Green Star. Under both Defendants' guaranties, the Trustee was not required to first enforce the obligation against Green Star. Both guaranties contain the provision, "Guarantor further agrees that Seller shall not be first required to enforce against Buyer or any other person any liability, obligation or duty guaranteed hereby before seeking enforcement thereof against Guarantor." ECF No. 45-5, at 1; ECF No. 45-6, at 1.

Chaudhary guaranteed Green Star's obligations under both the purchase and sale agreement and the Note. ECF No. 45-6, at 1. Green Star was required under the purchase and

10 / 15

sale agreement to make an initial installment of $800,000.00. The Trustee provides evidence that $154,700.00 of that initial installment remains unpaid. ECF No. 45-7, at 2.

The remainder of the Purchase Price is due under both the purchase and sale agreement and the Note. Chaudhary and Pyramid both guarantied the remaining $1.5 million due for the Purchase Price under the Note. Under the terms of the Note, the amount was due on June 24, 2010. ECF No. 45-4. The Trustee provides evidence that this entire amount is due. ECF No. 45-7 ("No other payment [other than the initial installment of $600,000.00] was received by the Plan Trust on or before June 24, 2010, nor has any been received after that date. No payment on the Note has ever been received by the Plan Trust.").

However, there is a genuine dispute of material fact as to whether the Guaranteed Return is currently due. The Trustee asserts in his affidavit that all claims objections have been resolved, that the total amount of unsecured claims is $11,775,624.82, and that the Defendants are required to pay 35% of that amount, offset by the amounts currently on deposit. ECF No. 45-7, at 2-3. The Trustee asserts that the amount of the Guaranteed Return is $3,473,455.59. ECF No. 45-7, at 3. Although the Defendants object to the Trustee's affidavit as "conclusory," the Court concludes that the affidavit is adequately supported and contains facts within the Trustee's personal knowledge. The Trustee therefore meets his initial burden as to the amount of the Guaranteed Return, and the burden shifts to the Defendants to establish a genuine dispute of material fact.

Although the Defendants do not attach any summary judgment evidence to their Response, they refer the Court to the docket of the Capco bankruptcy case, Case No. 08-32282. The Court takes judicial notice of the filings in the main bankruptcy case. The Defendants argue that not all objections to claim have been resolved in accordance with the terms of Capco's

chapter 11 Plan. Therefore, they argue, the amount of the Guaranteed Return cannot yet be determined.

The chapter 11 Plan states that "[a]fter the Effective Date, the Plan Trustee shall be required to obtain an Order from the Bankruptcy Court to settle and compromise any and all Disputed Claims." ECF No. 45-2, at 19. The Defendants list seven objections to claim that they assert have not been properly resolved. In Case No. 08-32282, these objections are: ECF No. 604 (Objection to Claim No. 29); ECF No. 606 (Objection to Claim No. 55); ECF No. 607 (Objection to Claim No. 12); ECF No. 616 (Objection to Claim No. 71); ECF No. 650 (Objection to Claim No. 25); ECF No. 651 (Objection to Claim No. 46); and ECF No. 662 (Objection to Claim No. 21). Each of these seven objections was resolved by a stipulation.

The Court notes that the stipulation resolving ECF No. 604 was signed by the Court. Case No. 08-32282, ECF No. 935. The stipulations resolving the other six objections were not signed by the Court.

The Defendants thus point to evidence that the proper amount of the Guaranteed Return may not yet be determinable. The Defendants establish a genuine dispute of material fact as to the amount of the Guaranteed Return and whether the Guaranteed Return is currently due. The Trustee satisfies the third element as to the Purchase Price, but not as to the Guaranteed Return.

The fourth element—the guarantor's failure or refusal to perform the promise—is met. The Trustee need not show that he has made demand. The guaranties provide that Chaudhary and Pyramid are liable as if they were an original party to the Note. ECF No. 45-5, at 1; ECF No. 45-6, at 1. The Court interprets the guaranties' language as allowing Chaudhary and Pyramid to assert defenses that would be available to Green Star. However, in the Note, Green Star and all guarantors waive demand. ECF No. 45-4, at 2-3.

The Trustee adequately establishes that payment has not been made. The Trustee's affidavit states:

> 5. Green Star has delivered the sum of $600,000.00 to the Plan Trust, which is a portion of the first installment ($800,000.00) of the purchase price ($2,300,000.00) under the terms of the [purchase and sale agreement]. It has since been determined that the amount of ad valorem taxes attributable to Green Star is $45,299.00; therefore, there is a remaining balance due of $154,700.00 to the Plan Trust for the first installment.
>
> 6. No other payment on the [purchase and sale agreement] was received by the Plan Trust on or before June 24, 2010, nor has any been received after that date. No payment on the Note has ever been received by the Plan Trust. No payment of the Guaranteed Return referenced in the [purchase and sale agreement] (referenced in the Note as the Guaranteed Dividend) (hereinafter, the "Guaranteed Return") has ever been received by the Plan Trust.

ECF No. 45-7, at 2. Because the Defendants waived demand, evidence of non-payment is sufficient to establish failure or refusal to perform.

The Trustee thus provides sufficient evidence as to each element to support a judgment as to the Purchase Price, but not as to the Guaranteed Return.

The Defendants attempt to assert affirmative defenses of impossibility and ambiguity in their response to the motion for summary judgment. The Defendants argue in their response that it was impossible to perform under the guaranties because the Guaranteed Return adjustment amounts were not determined as of July 30, 2010. ECF No. 46, at 3. The Defendants also argue that the provisions of purchase and sale agreement providing for the Guaranteed Return are inconsistent and ambiguous. ECF No. 46, at 3.

The impossibility and ambiguity defenses are irrelevant at the summary judgment stage because the Trustee has not established occurrence of the condition on which liability for the Guaranteed Return is based. Additionally, impossibility and ambiguity are affirmative defenses

and must be specifically pleaded under Fed. R. Civ. P. 8(c).  Although the Fifth Circuit has directed courts not to "exalt[] form over substance" when determining whether an affirmative defense has been pleaded, *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 327 n.8 (5th Cir. 2001), the affirmative defense must still be apparent from the pleadings.  The affirmative defenses of impossibility and ambiguity are not articulated—explicitly or implicitly—in the Defendants' answers.  *See* ECF Nos. 10 & 11.

The Trustee also moves for summary judgment on the Defendants' counterclaims, arguing that they "all relate to the validity and enforceability of the [purchase and sale agreement], Note and Guaranties, the fact of which is uncontroverted, in light of Defendants' failure to comply with this Court's March 8, 2011 orders regarding discovery."  ECF No. 45, at 9.  Although the Court ordered from the bench at the March 8, 2011 hearing that the Defendants were required to respond to discovery within two weeks, the Trustee never filed a motion to compel or sought any sanctions for the Defendants' alleged failure to comply.  The Trustee has not provided evidence of the Defendants' failure to comply, and he does not otherwise establish that there is no genuine dispute of material fact as to the allegations supporting Defendants' counterclaims.

In a separate memorandum opinion, the Court grants the Trustee's motion to dismiss certain of the Defendants' counterclaims.  Trial of all remaining issues will be held on February 1, 2012.  As discussed above, the Court does not have authority to enter final judgment in this adversary proceeding.  Therefore, following the trial, the Court will submit this memorandum opinion along with its findings and conclusions from the trial as a report and recommendation to the District Court.

**Conclusion**

The Court will recommend that the District Court grant partial summary judgment in favor of the Trustee as to the Defendants' liability under the guaranties for the guarantied portions of the Purchase Price.  Chaudhary is liable in the amount of $1,654,700.00 for the installments due under both the purchase and sale agreement and the Note.  Pyramid is liable in the amount of $1,500,000.00 for the installment due under the Note.

Because there is a genuine dispute of material fact as to the amount of the Guaranteed Return and whether the Guaranteed Return is currently due, the Court will recommend that the District Court deny summary judgment as to the Defendants' liability for the Guaranteed Return.  Because the Trustee has not established the absence of a genuine dispute of material fact as to the allegations supporting Defendants' counterclaims, the Court will recommend that the District Court deny summary judgment on the Defendants' counterclaims.

This memorandum opinion will control the issues that remain to be tried on February 1, 2012.

SIGNED **January 25, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE