


ENTERED
01/26/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 08-32282 |
| CAPCO ENERGY, INC.; fka AMCO | § | CHAPTER 11 |
| PETROLEUM, INC. | § | |
| | § | |
|     Debtor(s). | § | JUDGE ISGUR |
| | § | |
| | § | |
| VICTOR E HARRIS, TRUSTEE, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 10-3349 |
| | § | |
| PYRAMID GOM, *et al* | § | |
| | § | |
|     Defendant(s). | § | |

## MEMORANDUM OPINION

The Trustee moves to dismiss certain of the Defendants' counterclaims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that the Defendants do not have standing to assert counterclaims for the cancellation of agreements to which they were not parties. The Court grants the Trustee's motion.

### Background

Capco Energy, Inc., along with several of its affiliates, filed a voluntary chapter 11 petition on April 7, 2008. On April 27, 2009, Green Star Resources, Inc. and Capco signed a purchase and sale agreement for the sale of Capco's oil, gas, and other mineral interests and the stock of Capco Offshore of Texas, Inc to Green Star. No. 08-32282, ECF No. 489-3. Ilyas Chaudhary, President of Green Star, signed the agreement on Green Star's behalf.

In the purchase and sale agreement, Green Star agreed to pay a Purchase Price of $2,300,000.00, with the first installment of $800,000.00 to be paid at closing and the second installment of $1,500,000.00 to be paid on or before the first anniversary of the closing. ECF No. 45-1, at 4-5. Green Star also agreed to pay a Guaranteed Return to Capco's unsecured creditors. The Guaranteed Return was to consist of either 40% of the amount of allowed unsecured claims, or no less than 35% if the amounts of priority tax claims, allowed secured claims, and post-confirmation administrative claims resulted in a reduction of the amounts available to unsecured claims. ECF No. 45-1, at 5.

The Court approved the purchase and sale agreement on July 1, 2009 in its order confirming Capco's Third Amended Plan. No. 08-32282, ECF No. 589. The confirmation order was entered on July 2, 2009.

On July 30, 2009, Green Star executed a promissory note ("Note"), pursuant to the terms of the purchase and sale agreement. ECF No. 45-4. In the Note, Green Star agreed to pay $1,500,000.00—the second installment of the Purchase Price—and the Guaranteed Return. The second installment was to be paid on or before June 24, 2010. ECF No. 45-4, at 1.

Pyramid GOM, Inc. signed a guaranty agreement on July 30, 2009, guarantying the payment and performance of all of Green Star's liabilities, obligations, and duties under the Note, "as if [Pyramid] were an original party to the Note." ECF No. 45-5, at 1. Chaudhary signed a continuing guaranty agreement on the same day, guarantying payment and performance of all of Green Star's liabilities, obligations, and duties under the Note and the purchase and sale agreement, "as if [Chaudhary] were an original party to the Note and the [purchase and sale agreement]." ECF No. 45-6, at 1.

On July 26, 2010, Victor Harris, the plaintiff in this adversary proceeding, was named Plan Trustee for the Capco Plan Trust. ECF No. 45-7, at 2. The Plan Trust is the holder of the Note and of the guaranties. ECF No. 45-7, at 2. On August 3, 2010, the Trustee filed this proceeding against Green Star, Pyramid, and Chaudhary, seeking to collect the principal balance under the Note. The Trustee also sued for breach of contract for Green Star and Chaudhary's alleged failure to pay an additional $157,400.00 due under the purchase and sale agreement.

Green Star filed an answer on August 20, 2010, and Pyramid and Chaudhary filed answers on August 23, 2010. ECF Nos. 8, 10, and 11. The Defendants assert counterclaims for breach of the purchase and sale agreement, rescission of the purchase and sale agreement, and cancellation of the Note and guaranties. The Defendants allege that some of the leases that were conveyed under the purchase and sale agreement—the Brazos Block Leases—had been terminated. According to the Defendants, the Plan Trust is therefore unable to perform on its agreement to convey marketable title to the properties.

The Trustee filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) on January 25, 2011, asserting that the Defendants lacked standing to assert counterclaims for the rescission of agreements to which they were not parties. ECF Nos. 20 & 20-1. The Trustee sought the dismissal of the following counterclaims:

- Green Star's counterclaims for cancellation of the guaranties.

- Pyramid's counterclaims for cancellation of the Note and Chaudhary's guaranty.

- Chaudhary's counterclaims for cancellation of the Note and Pyramid's guaranty.

At a hearing on March 8, 2011, the Court required the Defendants to file a response to the motion within two weeks. The Defendants did not file a response.

On May 12, 2011, the Trustee filed a suggestion of bankruptcy, stating that he had been informed that Green Star had filed a chapter 11 petition in the Central District of California on April 22, 2011.  ECF No. 26, at 2-3.  This adversary proceeding was stayed until Green Star was severed as a party on September 26, 2011.  ECF No. 42.

The Trustee filed a motion for summary judgment against the remaining Defendants, Pyramid and Chaudhary, on December 22, 2011.  The motion for summary judgment is addressed in a separate memorandum opinion.

## Analysis

The Court grants the Trustee's motion to dismiss certain counterclaims.  The Trustee correctly argues that the Defendants do not have standing to sue for rescission or cancellation of a note or guaranty to which that Defendant was not a party.

When parties lack either statutory or constitutional standing to assert claims, a federal court does not have subject matter jurisdiction to address those claims.  *E.g.*, *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006) (noting that the issue of whether a plaintiff has statutory standing is a jurisdictional one); *Cadle Co. v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009) ("Standing, of course, is an essential component of federal jurisdiction.  A defect in Article III standing is a defect in subject-matter jurisdiction that can be raised by the parties or the court at any time, and a court is required to address such questions when they are present.").

"Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  *Monsanto Co. v. Geertson Seed Farms*, 130 S.Ct. 2743, 2752 (2010).  The Defendants lack constitutional standing to assert the counterclaims for cancellation of the Note and the other party's guaranty if they have not asserted that they would be concretely and

particularly injured if the Note and the guaranties are enforceable.  The Defendants lack statutory standing to bring the counterclaims if, under Texas surety law, they would not have the right to sue for the cancellation of the Note and the other party's guaranty.  If the Defendants lack either constitutional or statutory standing to assert the counterclaims, the Court must dismiss the claims for lack of subject matter jurisdiction.

The Court holds that the Defendants lack constitutional standing to assert counterclaims for the cancellation of the Note and the each other's guaranties.  Pyramid and Chaudhary are not injured by the enforcement of the other party's guaranty, and the guaranties explicitly provide that the guarantors' liability

> shall not be affected by any indulgence, compromise, settlement or variation of terms which may be extended to Buyer or another guarantor by Seller, or agreed upon by Seller and Buyer or another guarantor, and shall not be impaired, modified, changed, released or limited in any manner whatsoever by the any impairment, modification, change, release, or limitation of the liability of Buyer or any guarantor[.]

ECF No. 45-5, at 1.

Pyramid and Chaudhary also would not be concretely and particularly injured by the enforcement of the Note against Green Star.  Although they have guarantied Green Star's performance under the Note, their liability is established by the guaranties, not directly by the Note.  As stated in the provision quoted above, the guarantors' liability is not affected by changes to Green Star's liability.  They may—and have—challenged the enforcement of their guaranties.  They may not, however, seek cancellation of the underlying Note.

The Court acknowledges that the language of the guaranties is unusual.  Pyramid's guaranty provides that Pyramid "jointly and severally guarantees the payment and performance of all liabilities, obligations and duties of Buyer under the Note and not otherwise for so long as

any of those liabilities, obligations and duties shall continue in effect, as if Guarantor were an original party to the Note." ECF No. 45-5, at 1. Chaudhary's guaranty states that he "personally, jointly and severally, guarantees the payment and performance of all liabilities, obligations and duties of Buyer under the Note and the Agreement, for so long as any of those liabilities, obligations and duties continue in effect, as if Guarantor were an original party to the Note and the Agreement." ECF No. 45-6, at 1. This language suggests that Pyramid and Chaudhary stand in the same position as Green Star with respect to a determination of whether the Note's "liabilities, obligations and duties continue in effect" and that Chaudhary stands in the same position as Green Star with respect to a determination of whether the purchase and sale agreement's "liabilities, obligations and duties continue in effect." The Court interprets this language as allowing Pyramid to assert any defenses that Green Star could assert to liability under the Note, and allowing Chaudhary to assert any defenses that Green Star could assert to liability under the Note and the purchase and sale agreement.

This language does not, however, make Pyramid and Chaudhary actual parties to the Note. Although the guaranties give Pyramid and Chaudhary the right to assert Green Star's defenses when seeking cancellation of the guaranties, they do not put Pyramid and Chaudhary in the same position as Green Star with respect to cancellation of the Note.

Although the Trustee did not move for the dismissal of other counterclaims, the Court must consider its subject matter jurisdiction sua sponte. Just as Pyramid and Chaudhary do not have standing to sue for the cancellation of the Note, because they are not parties to it, they also lack standing to sue for rescission of the purchase and sale agreement. Pyramid did not guaranty Green Star's obligations under the purchase and sale agreement, and Pyramid would not be concretely and particularly injured by the enforcement of the agreement. Pyramid does not have

standing to sue for breach of the purchase and sale agreement or for rescission of the purchase and sale agreement. Although Chaudhary guarantied the purchase and sale agreement and may assert any defenses to the guaranty that Green Star could assert to its primary obligations under the agreement, Chaudhary is not a party to the purchase and sale agreement. Although he could be injured by the enforcement of the guaranty, he would not be directly and concrete injured by the enforcement of the purchase and sale agreement. He therefore may not sue for breach of the purchase and sale agreement or for its rescission.

The Court therefore dismisses the following counterclaims for lack of subject matter jurisdiction:

- Pyramid's counterclaims for cancellation of the Note and Chaudhary's guaranty, breach of the purchase and sale agreement, and rescission of the purchase and sale agreement.

- Chaudhary's counterclaims for cancellation of the Note and Pyramid's guaranty, breach of the purchase and sale agreement, and rescission of the purchase and sale agreement.

## Conclusion

Pyramid's counterclaims for cancellation of the Note and cancellation of Chaudhary's guaranty are dismissed. Chaudhary's counterclaims for cancellation of the Note and cancellation of Pyramid's guaranty are dismissed.

SIGNED **January 25, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE