

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**05/21/2012**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 08-32282** |
| **CAPCO ENERGY, INC.; fka AMCO** | § | **CHAPTER 11** |
| **PETROLEUM, INC.** | § | |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |

| | | |
|---|---|---|
| **VICTOR E HARRIS** | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 10-3349** |
| | § | |
| **PYRAMID GOM, INC.,** *et al* | § | |
| | § | |
| Defendant(s). | § | |

### <u>MEMORANDUM OPINION</u>

Victor Harris, Liquidating and Plan Trustee under Capco Energy, Inc.'s chapter 11 Plan, has sued Pyramid GOM, Inc. and Ilyas Chaudhary under two guaranty agreements. Pyramid and Chaudhary guaranteed the obligations of Green Star Resources, Inc., which is no longer a party to the adversary proceeding,[1] under a purchase and sale agreement that was executed as part of Capco's chapter 11 Plan. The guarantied obligations include (i) the Purchase Price for various Capco assets and (ii) a Guarantied Return to Capco's unsecured creditors.[2] Chaudhary and Pyramid counterclaimed for cancellation of the guaranties and the purchase and sale agreement.

---

[1] This adversary proceeding was severed on September 26, 2011. The Trustee's suit against Green Star is Adv. No. 11-3489.

[2] Technically, the purchase price includes both the fixed amount of $2,300,000.00 and the Guaranteed Return. ECF No. 45-1, at 4-5. The Court refers to the fixed amount as the Purchase Price.

The Court granted[3] the Trustee's first motion for summary judgment in part, but denied in part, finding that there were genuine disputes of material fact as to the amount of the Guaranteed Return and whether the Guaranteed Return was currently due.  The Trustee filed his second motion for summary judgment on March 28, 2012, arguing that the Guaranteed Return was now due and that the amount could be determined.  The Court recommends that the District Court grant the Trustee's second motion for summary judgment.

## Jurisdiction

The District Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b).  This proceeding has been referred to the Bankruptcy Court by General Order 2005-6, pursuant to 28 U.S.C. § 157(a).

## Bankruptcy Court's Authority

Because bankruptcy judges are not Article III judges, they may not exercise the judicial power of the United States.  *Stern v. Marshall*, 131 S.Ct. 2594, 2609 (2011) ("[T]he judicial power of the United States may be vested only in courts whose judges enjoy the protections set forth in [Article III].").  Bankruptcy judges therefore may not enter final judgments or orders in matters that fall within the exclusive authority of the Article III judiciary.

The Court may, however, exercise authority over essential bankruptcy matters under the public rights doctrine.  Under *Thomas v. Union Carbide Agricultural Products Co.*, a right closely integrated into a public regulatory scheme may be resolved by a non-Article III tribunal. 473 U.S. 568, 593 (1985).  The Bankruptcy Code is a public scheme for restructuring debtor-creditor relations, necessarily including "the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and

---

[3] Because the Bankruptcy Court does not have constitutional authority to enter a final judgment in this adversary proceeding, the Court stated that it would recommend partial summary judgment to the District Court.

the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her or it from further liability for old debts." *Central Va. Cmty. College v. Katz*, 546 U.S. 356, 363-64 (2005); *see Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982) (plurality opinion) (noting in dicta that the restructuring of debtor-creditor relations "may well be a 'public right'"). *But see Stern*, 131 S.Ct. at 2614 n.7 ("We noted [in *Granfinanciera, N.A. v. Nordberg*, 492 U.S. 33, 56 n.11 (1989) that we did not mean to 'suggest that the restructuring of debtor-creditor relations is in fact a public right.'").

This proceeding does not involve bankruptcy law and is instead concerned with the enforcement of state-law contract rights. Although the Trustee's rights under the purchase and sale agreement and the guaranties were established in connection with a chapter 11 plan, the rights are not established by bankruptcy law and cannot be enforced through the Court's *in rem* jurisdiction over the bankruptcy estate. *See West v. Freedom Medical, Inc. (In re Apex Long Term Acute Care—Katy, L.P.)*, 465 B.R. 452, at 460 (Bankr. S.D. Tex. 2011) (concluding that *Stern* requires an examination of whether a disputed right is established by the Bankruptcy Code, whether the substantive outcome is affected by bankruptcy law, and whether the proceeding can be resolved through the exercise of *in rem* jurisdiction over the bankruptcy estate).

The Court holds that it does not have constitutional authority to enter a final judgment in this proceeding. The Court will therefore submit this memorandum opinion, along with the two January 25, 2012 memorandum opinions, as part of its report and recommendation to the District Court with respect to entry of a final judgment.

### Background

Capco Energy, Inc., along with several of its affiliates, filed a voluntary chapter 11 petition on April 7, 2008. On April 27, 2009, Green Star and Capco signed a purchase and sale

agreement for the sale of Capco's oil, gas, and other mineral interests and the stock of Capco Offshore of Texas, Inc. ("COTI") to Green Star.   No. 08-32282, ECF No. 489-3.   Ilyas Chaudhary, President of Green Star, signed the agreement on Green Star's behalf.

In the purchase and sale agreement, Green Star agreed to pay a Purchase Price of $2,300,000.00, with the first installment of $800,000.00 to be paid at closing and the second installment of $1,500,000.00 to be paid on or before the first anniversary of the closing.   ECF No. 45-1, at 4-5.   Green Star also agreed to pay a Guaranteed Return to Capco's unsecured creditors.   The Guaranteed Return was to consist of either 40% of the amount of allowed unsecured claims, or no less than 35% if the amounts of priority tax claims, allowed secured claims, and post-confirmation administrative claims resulted in a reduction of the amounts available to unsecured claims.   ECF No. 45-1, at 5.

The Court approved the purchase and sale agreement on July 1, 2009 in its order confirming Capco's Third Amended Plan.   No. 08-32282, ECF No. 589.   The confirmation order was entered on July 2, 2009.

On July 30, 2009, Green Star executed a promissory note ("Note"), pursuant to the terms of the purchase and sale agreement.   ECF No. 45-4.   In the Note, Green Star agreed to pay $1,500,000.00—the second installment of the Purchase Price—and the Guaranteed Return.   The second installment was to be paid on or before June 24, 2010.   ECF No. 45-4, at 1.

Pyramid signed a guaranty agreement on July 30, 2009, guarantying the payment and performance of all of Green Star's liabilities, obligations, and duties under the Note, "as if [Pyramid] were an original party to the Note."   ECF No. 45-5, at 1.   Chaudhary signed a continuing guaranty agreement on the same day, guarantying payment and performance of all of Green Star's liabilities, obligations, and duties under the Note and the purchase and sale

agreement, "as if [Chaudhary] were an original party to the Note and the [purchase and sale agreement]." ECF No. 45-6, at 1.

In May 2009, Green Star took over the operations of the oil and gas assets sold under the purchase and sale agreement. ECF No. 45-7, at 2. All of COTI's stock was transferred to Green Star, and Ilyas Chaudhary became COTI's President. ECF No. 45-7, at 2.

On July 26, 2010, Victor Harris, the plaintiff in this adversary proceeding, was named Plan Trustee for the Capco Plan Trust. ECF No. 45-7, at 2. The Plan Trust is the holder of the Note and of the guaranties. ECF No. 45-7, at 2. On August 3, 2010, the Trustee filed this proceeding against Green Star, Pyramid, and Chaudhary, seeking to collect the principal balance under the Note. The Trustee also sued for breach of contract for Green Star and Chaudhary's alleged failure to pay an additional $154,700.00 due under the purchase and sale agreement.

Green Star filed an answer on August 20, 2010, and Pyramid and Chaudhary filed answers on August 23, 2010. ECF Nos. 8, 10, and 11. The Defendants assert counterclaims for breach of the purchase and sale agreement, rescission of the purchase and sale agreement, and cancellation of the Note and guaranties. The Defendants allege that some of the leases that were conveyed under the purchase and sale agreement—the Brazos Block Leases—were terminated. According to the Defendants, the Plan Trust is therefore unable to perform on its agreement to convey marketable title to the properties.

On January 25, 2011, the Trustee moved to dismiss certain counterclaims under Fed. R. Civ. P. 12(b)(1). ECF No. 20. At a hearing on March 8, 2011, the Court ordered the Defendants to respond to the Trustee's motion within two weeks. The Defendants did not file a response to the motion.

On May 12, 2011, the Trustee filed a suggestion of bankruptcy, stating that he had been informed that Green Star had filed bankruptcy in the Central District of California on April 22, 2011.  This adversary proceeding was stayed until Green Star was severed on September 26, 2011.  ECF No. 42.  The Trustee's suit against Green Star is now Adversary No. 11-3489.

The Trustee filed his first motion for summary judgment on December 22, 2011, also reasserting the motion to dismiss certain counterclaims.  The Court granted the Trustee's motion to dismiss on January 25, 2012.  ECF No. 50.

Also on January 25, 2012, the Court issued separate a memorandum opinion stating that it would recommend partial summary judgment as to the Defendants' liability under the guaranties for the guarantied portions of the Purchase Price.  ECF No. 49, at 15.  The Court found that Chaudhary is liable in the amount of $1,654,700.00 for the installment due under both the purchase and sale agreement and the Note and that Pyramid is liable in the amount of $1,500,000.00 for the installment due under the Note.  ECF No. 49, at 15.

The Court denied summary judgment as to the Guaranteed Return, finding that there were genuine disputes of material fact as to the amount of the Guaranteed Return and whether the Guaranteed Return was currently due.  ECF No. 49, at 15.

The Guaranteed Return was not due until all objections to claim in Capco's bankruptcy case, No. 08-32282, had been resolved in accordance with the terms of the chapter 11 Plan.  At the time the motion for summary judgment was decided, six of the objections to claim had not been resolved in accordance with the Plan.  The objections had been resolved by stipulations, but the stipulations had not been signed by the Court as required by the Plan.

The Court also denied summary judgment as to the Defendants' counterclaims, finding that the Trustee had not established that there was no genuine dispute of material fact as to the allegations supporting the Defendants' counterclaims.  ECF No. 49, at 14.

On February 20, 2012, the Trustee moved for approval of the six stipulations.  On February 21, 2012, the Court canceled the trial of this adversary proceeding, which was set for March 6, 2012.  The Court signed the stipulations on March 15, 2012.

The Court held a status conference on this adversary proceeding on March 21, 2012.  At the status conference, the Trustee advised the Court that he would file a second motion for summary judgment within a week.  The Trustee filed his second motion for summary judgment on March 28, 2012, seeking summary judgment as to his claims for breach of the guaranties and also legal fees and expenses.  The Defendants were allowed 21 days to respond to the motion, but neither filed any response.

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact.  *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party.  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[4] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence

---

[4] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case.  *Celotex*, 477 U.S. at 324.  The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim.  *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

### Summary Judgment Evidence

The Trustee provides the following summary judgment evidence, which was attached to the Trustee's first motion for summary judgment:

- Exhibit 1:  Purchase and Sale Agreement, ECF No. 45-1;

- Exhibit 2:  Debtors' Third Amended Plan of Reorganization, ECF No. 45-2;

- Exhibit 3:  Confirmation Order, ECF No. 45-3;

- Exhibit 4:  Note, ECF No. 45-4;

- Exhibit 5:  Pyramid's Guaranty, ECF No. 45-5;

- Exhibit 6:  Chaudhary's Continuing Guaranty, ECF No. 45-6;

- Exhibit 7:  Trustee's Declaration, ECF No. 45-7;

- Exhibit 8:  Lindsay Lambert's Declaration, ECF No. 45-8.

The Trustee also provides one new piece of summary judgment evidence:

- Exhibit 9:  Lindsay Lambert's Supplemental Declaration, ECF No. 45-9.

### Analysis

To prevail on a claim for breach of a guaranty agreement, a party must prove:  (1) the existence and ownership of the guaranty contract; (2) the performance of the terms of the underlying contract by the plaintiff; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure or refusal to perform the promise.  *Compass Bank v. Veytia*, 2011 WL 6130900, at *2 (W.D. Tex. Dec. 8, 2011); *Stone v. Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App.—Dallas 2011, no pet. h.).

In its January 25, 2012 memorandum opinion, the Court held that the Trustee had established all elements with respect to the Purchase Price, and that the Defendants had failed to establish a genuine dispute as to any element.  With respect to the Guaranteed Return, the Court held that the Defendants had established a genuine dispute as to the third element:  the occurrence of the condition on which liability is based.  ECF No. 49, at 10.

The Court noted that to meet the third element, the "Trustee must establish that the amounts are currently due.  The Trustee need not show that [he] has been unable to collect from Green Star.  Under both Defendants' guaranties, the Trustee was not required to first enforce the obligation against Green Star."  ECF No. 49 (citing ECF No. 45-5, at 1 and ECF No. 45-6, at 1).

There was, however, a genuine dispute as to whether the Guaranteed Return was currently due.  The Trustee's affidavit, the Court held, sufficiently established the amount of the Guaranteed Return and that the Guaranteed Return was currently due.  However, the Defendants, citing the filings in Capco's bankruptcy case, of which the Court took judicial notice, established

a genuine dispute of material fact as to whether the amount could be determined and whether it was currently due.

Capco's chapter 11 Plan states that, "[a]fter the Effective Date, the Plan Trustee shall be required to obtain an Order from the Bankruptcy Court to settle and compromise any and all Disputed Claim." ECF No. 45-2, at 19. The stipulations resolving six objections to claim had not been signed by the Court: ECF No. 606 (Objection to Claim No. 55); ECF No. 607 (Objection to Claim No. 12); ECF No. 616 (Objection to Claim No. 71); ECF No. 650 (Objection to Claim No. 25); ECF No. 651 (Objection to Claim No. 46); and ECF No. 662 (Objection to Claim No. 21).

Because the Defendants pointed to evidence that the proper amount of the Guaranteed Return might not yet be determinable, the Defendants established a genuine dispute of material fact as to the amount of the Guaranteed Return and whether the Guaranteed Return was currently due.

On March 15, 2012, the Court approved all of the stipulations resolving the six objections to claim. ECF No. 1144. The absence of the Court's approval was the only fact establishing genuine disputes as to whether the Guaranteed Return was currently due and whether the amount could be calculated. The Defendants did not file a response to the Trustee's second motion for summary judgment, and there is no longer a genuine dispute of material fact as to any element of the Trustee's claims for breach of the guaranties.

The Trustee also seeks summary judgment as to legal fees and expenses. The Trustee establishes that he is entitled to $48,193.50 in legal fees. The Note provides:

> If this Note is collected by suit in federal or state court, or any other judicial proceeding, or if this Note is not paid at maturity, however, such maturity may occur, and it is placed in the hands of an attorney for collection (whether legal proceedings are

instituted), then Buyer agrees to pay, in addition to all other
amounts owing hereunder, all collection costs and reasonable
attorneys' fees actually incurred by the Plan Trust.

The guaranties provide that Pyramid and Chaudhary guaranty "the payment and performance of

all liabilities, obligations and duties of Buyer under the Note[.]"   ECF Nos. 45-5 & 45-6.

Lindsay Lambert's declaration, attached to the first motion for summary judgment, states that the

Trustee's fees as of December 22, 2011 were $31,559.00.   ECF No. 45-8, at 3.   Lambert's

supplemental declaration states that the Trustee's fees since December 22, 2011 were

$16,634.50.   Both declarations state and provide supporting facts to show that the hourly rates,

which ranged from $285.00 to $380.00 per hour, were reasonable and that the services provided

were reasonable and necessary.   ECF Nos. 45-8 & 64-1.   Lambert states that the services

included:

- Investigation of the Trustee's claims, the defenses and counter-claims raised by Green Star, Pyramid, and Chaudhary, and the defenses of the Trustee to those counterclaims;
- Communications with opposing counsel in an effort to obtain a negotiated resolution of this dispute, and in order to conduct court-mandated conferences;
- Preparation and filing of the complaint;
- Receipt and examination of Defendant's pleadings, and evaluation of their alleged defenses and counterclaims;
- Preparation and service of the Trustee's initial disclosures;
- Preparation and filing of a joint discovery plan/case management plan;
- Preparation and service of discovery requests on Defendants, including interrogatories and requests for production;
- Appearance and presentation of arguments at hearings and conferences before the Court;
- Preparation and filing of various motions and orders, including the motion to dismiss, motion to sever, and motions for summary judgment;
- Receipt and examination of the Defendants' response in opposition to the first motion for summary judgment;
- Preparation and filing of the reply to the Defendants' response to the first motion for summary judgment;

- Receipt and examination of the Court's memorandum opinions concerning the motion to dismiss and motion for summary judgment; and
- Preparation and filing of the unopposed emergency motion for trial continuance.

*Id.* The declarations also state that the fees are not susceptible to segregation. *Id.* The Trustee thus establishes sufficient evidence to support a finding that the Trustee is entitled to reasonable necessary fees under the guaranties and the requested fees are reasonable and necessary. The Defendants provide no summary judgment evidence to establish a genuine dispute as to the Trustee's entitlement to legal fees or as to the reasonableness of the fees. The Court therefore recommends summary judgment as to the Trustee's claim for legal fees.

Conclusion

The Court recommends that the District Court grant summary judgment in favor of the Trustee and against Pyramid and Chaudhary as to the Trustee's claims for breach of the guaranties and for legal fees.

SIGNED **May 18, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE